UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHAWN BALLARD, | Case No. CV 12-3009-SVW (AJW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| | DISMISSING PETITION |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

Petitioner filed this petition for a writ of habeas corpus by a person in state custody on March 19, 2012. This is the third habeas corpus petition petitioner has filed in this Court challenging his 1995 conviction of car jacking and assault in case number BA097712. The first petition challenged his conviction and was denied on the merits. Case No. CV 98-1486-LGB(AJW).[1] Judgment denying that petition on the merits was entered on May 14, 1999. The second petition challenged only the sentence imposed as a result of the 1995 conviction. Case NO. 02-7321-SVW(AJW). The second petition was

---

[1] The Court may properly take judicial notice of such matters of public record. See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

1 | dismissed as successive, and the Ninth Circuit denied petitioner's
2 | request for permission to file a second petition.
3 |     In this third petition, petitioner again challenges his 1995
4 | conviction, this time complaining that the trial court erred in
5 | sentencing him to a one year sentence enhancement. According to
6 | petitioner, the enhancement should have been stayed under California
7 | law. [Petition at 5 & attached pages].
8 |     A federal court must dismiss a second or successive petition that
9 | raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1).
10 | A federal court also must dismiss a second or successive petition
11 | raising a new ground unless the petitioner can show that (1) the claim
12 | rests on a new, retroactive, constitutional right or (2) the factual
13 | basis of the claim was not previously discoverable through due
14 | diligence, and those new facts establish by clear and convincing
15 | evidence that but for the constitutional error, no reasonable
16 | factfinder would have found the applicant guilty of the underlying
17 | offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district
18 | court, however, that decides whether a second or successive petition
19 | meets the requirements permitting a petitioner to file a second or
20 | successive petition. Rather, "[b]efore a second or successive
21 | application permitted by this section is filed in the district court,
22 | the applicant shall move in the appropriate court of appeals for an
23 | order authorizing the district court to consider the application." 28
24 | U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657
25 | (1996). Absent authorization from the court of appeals, this court
26 | lacks jurisdiction over this second or successive petition. Greenawalt
27 | v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S.
28 |

1102 (1997).[2]

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, the petition for a writ of habeas corpus is **dismissed for lack of jurisdiction.**

Dated: November 29, 2012

_____
Stephen V. Wilson
United States District Judge

---

[2] The sentence petitioner seeks to challenge is the original sentence imposed in 1995. Thus, this is not a case involving a challenge to a new or amended judgment. See Magwood v. Patterson, ___ U.S. ___, 130 S.Ct. 2788, 2801 (2010) (holding that a numerically second habeas petition challenging a judgment imposed after resentencing was not "second or successive" under the AEDPA, where the first habeas corpus petition was filed prior to resentencing and challenged the original judgment); Wentzell v. Neven, 2012 WL 1071638, at *2 (9th Cir. 2012) (holding that the latter of two petitions is not "second or successive" if there is a "new judgment intervening between the two habeas petitions").